

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

March 4, 2021

**VIA ECF AND EMAIL**

Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Jacob Daskal*, 21-cr-110 (NGG)

Dear Magistrate Judge Kuo:

    We represent Defendant Jacob Daskal in the above-captioned case. We write to respectfully request Mr. Daskal's release pursuant to 18 U.S.C. § 3142(c), subject to the following conditions:

(1)     A $4.5 million personal recognizance bond, co-signed by eight (8) financially responsible individuals,[1] and fully secured by family homes owned by Mr. Daskal's children (personally and in trust);

(2)     Electronic monitoring;

(3)     Night curfew, as directed by Pretrial Services;

(4)     Travel restricted to Southern and Eastern Districts of New York, and District of New Jersey;

(5)     Continued surrender of Mr. Daskal's passport, and an agreement not to secure new travel documents;

(6)     Prohibition on any contact with the alleged victim; and

---

[1] A list of proposed suretors has been submitted to the government, Pretrial Services, and the Court. These include many of Mr. Daskal's adult children and their spouses (including all of the property owners of the properties offered as security for the bail).

Hon. Peggy Kuo
March 4, 2021
Page 2 of 3

    (7)    Supervision by Pretrial Services, as directed.[2]

These conditions are tailored to reasonably assure the safety of the community and Mr. Daskal's continued appearance in this case in accordance with 18 U.S.C. § 3142(c).

While as the government correctly points out, there is a presumption of detention for the charges in this case, Mr. Daskal's burden on rebuttal "is not heavy." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). The burden may be satisfied "with evidence that he does not pose a danger to the community or a risk of flight," *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001), at which point, "the presumption" becomes "but one factor among many" for the Court to consider. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). "Regardless, in a presumption case, the Government still bears the burden of persuasion of demonstrating dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence." *United States v. Paulino*, 335 F. Supp. 3d 600, 610 (S.D.N.Y. 2018) (citing *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (expressly stating that the weight of the evidence against the defendant is the least significant of the Section 3142(g) factors to be considered by the Court).

Thus, despite the presumption of detention for charges involving a minor under 18 U.S.C. § 2422 and 2423, courts have set bail for defendants charged with coercion and enticement of minor victims in several recent similar cases, including those involving more serious conduct. For example:

- *United States v. Hadden*, No. 20-cr-468 (S.D.N.Y.), involving a doctor charged with six counts of enticement to travel to engage in illegal sex acts under § 2422, for sexual abuse of his patients, including at least one minor, over a 20-year period. *See Hadden*, No. 20-cr-468, Indictment (ECF Doc. 1). Even considering the gravity of these charges, the Court granted bail, requiring a $1 million personal recognizance bond, co-signed by 3 suretors, secured by the defendant's primary residence, GPS monitoring, associational bars with the victim, and significant travel restrictions.

- *United States v. McDarrah*, No. 05-cr-1182 (S.D.N.Y.), charging the defendant with enticing a minor to engage in sexual activity under § 2422. *See McDarrah*, No. 05-cr-1182, Indictment (ECF Doc. 11.) Still, the court released the defendant pursuant to a $50,000 personal recognizance bond co-signed by 2 suretors, partially secured by $5,000 in cash, associational bars with the victim, and significant travel restrictions similar to those we propose for Mr. Daskal. *McDarrah*, No. 05-cr-1182, Minute Entry (Sept. 15, 2005).

- *United States v. Morin*, No. 10-cr-506 (N.D.N.Y.), involving a § 2422 charge for "sexual enticement of a minor," with a victim who was no more than 15-years-old.

---

[2] Proposed conditions 2, 3, 4, 6 and 7 are mandatory pursuant to 18 U.S.C. § 3142(c)(1).

Hon. Peggy Kuo
March 4, 2021
Page 3 of 3

*Morin*, No. 10-cr-506, Indictment (ECF Doc. 16).  In the face of this serious charge, the court released the defendant pursuant to a $100,000 personal recognizance bond, secured by two properties, travel restrictions, and associational bars with the victim.  *Morin*, No. 10-cr-506, Release Order (ECF Doc. 3).

The Court should similarly set bail for Mr. Daskal.  Indeed, as we will elaborate on the record during oral argument, pursuant to the Section 3142(g) factors, bail is warranted.  In particular, Mr. Daskal has been released on state bail in King's County since May 2018 when he was arrested on a felony indictment involving largely the same factual allegations as alleged in this Indictment.  In that case, Mr. Daskal was indicted in 20 counts, including six felony counts of Rape in the Third Degree.  In total, Mr. Daskal was facing a maximum of 33 years on the state charges.  Over the last ***33 months***, Mr. Daskal has complied without incident on pretrial release, making 14 court appearances, while also having no domestic travel restrictions or movement limitations under state bail.  Importantly, there are also no allegations that Mr. Daskal ever attempted to contact the alleged victim, or otherwise endanger her or the community over the past 33 months.  Mr. Daskal's demonstrable commitment to complying with court-ordered obligations under similar allegations should give the Court comfort in setting bail here.  *See, e.g., Paulino*, 335 F. Supp. 3d at 614 ("past behavior best predicts future behavior and whether the court can rely on a defendant's good faith promises").  Our dual sovereign criminal justice systems should not be viewed so drastically different.

Because the substantial bail conditions we propose here reasonably ameliorate any danger or risk of flight that Mr. Daskal may pose, this Court should order his pretrial release.  *See* 18 U.S.C. § 3142(c) (the "judicial officer *shall* order the pretrial release of the person . . . subject to the *least restrictive* further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required") (emphasis added).

        Respectfully submitted,

        _____/s/ HEM_____
        Henry E. Mazurek
        Evan L. Lipton
        Ilana Haramati
        Meister Seelig & Fein LLP
        125 Park Avenue, Suite 700
        New York, New York 10017

        *Counsel for Defendant Jacob Daskal*

cc:    Counsel of record (*via ECF*)