

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EMR/JEA  *271 Cadman Plaza East*
F. # 2018R02232  *Brooklyn, New York 11201*

April 9, 2021

By Electronic File Sharing and ECF

Henry E. Mazurek, Esq.
Evan L. Lipton, Esq.
Meister Seelig & Fein LLP
125 Park Avenue
7th Floor
New York, NY 10017

    Re: United States v. Jacob Daskal
       Criminal Docket No. 21-110 (NGG)

Dear Counsel:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. Please note that the discovery materials marked with an asterisk (*), are designated "Sensitive Discovery Material" and subject to the Protective Order entered by the Court on April 9, 2021. See Dkt. No. 18. The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A.  Statements of the Defendant

  Enclosed please find:

- A recording containing statements of the defendant, Bates-numbered DASKAL000001;
- A Miranda card signed by the defendant, Bates-numbered DASKAL000002;
- * Excerpts of messages sent by the defendant, which contain Sensitive Discovery Material, Bates-numbered DASKAL000003-DASKAL000029;
- Additional recordings containing statements of the defendant, Bates-numbered DASKAL000373-DASKAL000375.

B. <u>Documents and Tangible Objects</u>

- NYPD Property Vouchers, Bates-numbered DASKAL000030-DASKAL000030-DASKAL000086;

- Desk Appearance Ticket Paperwork, Bates-numbered DASKAL000087-DASKAL000088;

- NYPD Arrest Paperwork, Bates-numbered DASKAL000089-DASKAL000109;

- Papers recovered during a search warrant executed at 1220 46th Street, Brooklyn, New York, 11219, Bates-numbered DASKAL000110-DASKAL000183;

- * A Kings County District Attorney's Office search warrant application and a search warrant for the premises at 1220 46th Street, Brooklyn, New York, 11219, which contains Sensitive Discovery Material, Bates-numbered DASKAL000184-DASKAL000193;

- * A Kings County District Attorney's Office search warrant application and a search warrant for a Samsung Galaxy S8 with serial number SM-G95OU and an Apple iPhone 7 with serial number EC-16007, which contains Sensitive Discovery Material, Bates-numbered DASKAL000194-DASKAL000200;

- Crime Scene Unit Reports and Diagram prepared during the execution of a search warrant for the premises at 1220 46th Street, Brooklyn, New York, 11219, Bates-numbered DASKAL000201-DASKAL000215;

- Bank records from JP Morgan Chase Bank, Bates-numbered DASKAL000216-DASKAL000236;

- Van rental records, Bates-numbered DASKAL000237-DASKAL000241;

- American Airline records, Bates-numbered DASKAL000242-DASKAL000246;

- Hotel records, Bates-numbered DASKAL000247-DASKAL000248;

- Verizon records for telephone numbers ending in 7111 and 7756, Bates-numbered DASKAL000249–DASKAL000322;

- Optimum records, Bates-numbered DASKAL000323-DASKAL000327;

- AT&T records for telephone number ending in 9128, Bates-numbered DASKAL000328-DASKAL000332;

- CSC Records for telephone number ending in 6307, Bates-numbered DASKAL000333-DASKAL000338;

- Additional American Airlines records, Bates-numbered DASKAL000339-DASKAL000347;

2

- Whatsapp records for telephone number ending in 7111, Bates-numbered DASKAL000348;
- A photo identification conducted on May 9, 2018, Bates-numbered DASKAL000349;
- Photographs taken on March 3, 2021, Bates-numbered DASKAL000350-DASKAL000353;
- Photographs of a vehicle seized on March 4, 2021, Bates-numbered DASKAL000354-DASKAL000365;
- Photographs taken on March 4, 2021, Bates-numbered DASKAL000366-DASKAL000372;
- Records from Shallots Bistro, Bates-numbered DASKAL000376-DASKAL000379;
- * A search warrant application and warrant for a Dell Computer with Serial Number 16783150141 and a Dell Computer with Serial Number 8344152865, which contains Sensitive Discovery Material, Bates-Numbered DASKAL000380-DASKAL000412;
- * A search warrant application and warrant for a 2013 Ford Escape with New York License Plate HEF9276, which contains Sensitive Discovery Material, Bates-numbered DASKAL000413-DASKAL000427;
- * A search warrant application and warrant for a Samsung Galaxy S8 telephone with IMEI Number 358331080511840 and an Apple iPhone with IMEI Number 353837270748, which contains Sensitive Discovery Material, Bates-numbered DASKAL000428-DASKAL000455;
- * A search warrant application and warrant for cell-site information for telephoner number ending 9128, which contains Sensitive Discovery Material, Bates-numbered DASKAL000456-DASKAL000473;
- * A search warrant application and warrant for a Vacron AVM-360PV Vehicle Surveillance System, which contains Sensitive Discovery Material, Bates-numbered DASKAL000474-DASKAL000495; and
- License place reader and DMV records, Bates-numbered DASKAL000496-DASKAL000568.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C.   <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

D. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

E. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.	Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

         Very truly yours,

         MARK J. LESKO
         Acting United States Attorney

By: /s/ Erin Reid
    Erin Reid
    Jonathan Algor
    Assistant U.S. Attorneys
    (718) 254-6361

Enclosures

cc:	Clerk of the Court (NGG) (by ECF) (without enclosures)

5