

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

August 6, 2021

**By ECF**

Hon. Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Daskal,* No. 21 Cr. 110 (NGG)

Dear Judge Garaufis:

     I write on behalf of defendant Jacob Daskal to respond to the Court's order, dated July 29, 2021, to inform the Court of any conflicts with a proposed trial date of December 20, 2021. For the reasons below, we respectfully write the Court to request a firm trial date in May 2022 when all parties are available for trial (we have conferred with government counsel on this issue).

     Mr. Daskal was initially presented on a sealed indictment before this Court on March 4, 2021. Since that time, the government has produced voluminous discovery, consisting of more than one terabyte of data, and including downloads of multiple electronic devices belonging to our client and others. Much of this material was seized pursuant to search warrants. We have received and reviewed seven different search warrant applications and orders related to the government discovery (including two from a related Kings County District Attorney's investigation). Downloads of two of these electronic devices have not been produced to defense counsel because they contain sensitive information that the government does not feel appropriate for dissemination. As to our review of these devices, we have conferred with government counsel and the case agent on arranging for on-site review of these computers at the FBI offices in Manhattan. This review, however, has not occurred yet because of various technical issues. We have been told that the devices should be ready for our review in the next few weeks. Additional forensic electronics review is also being conducted by a subject matter expert. While we have retained this expert, we are awaiting the results of his examination.

     Because of the delays in discovery review, we have yet to begin substantive plea offer discussions. Of course, it would not be prudent for us to begin these discussions until we have

Hon. Nicholas G. Garaufis<br>
August 6, 2021<br>
Page 2 of 2

had the chance to digest the majority of discovery material in this case. We believe the parties will need some time in the coming months to have meaningful discussions in this regard.

Also, we alert the Court of another issue which might need advance scheduling and planning. This case involves events and transactions that occurred in a foreign country. To the extent that there are potential witnesses overseas, our ability to contact them has been limited due to the pandemic. Their potential participation in a trial in Brooklyn could be similarly impacted by the ever-evolving restrictions on international travel. Foreign depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure might, therefore, be needed or appropriate here, and the parties will need adequate lead time to engage in motion practice on this issue, arrange travel, and schedule the depositions.

Currently, the Court has scheduled the next conference date on October 26, 2021, at 11 a.m. We believe, at that time, we will be prepared to propose a motion briefing schedule that can address any applicable pretrial motions. The parties will also have a more complete understanding of whether this case appears destined for trial.

The parties do agree, however, given the additional conditions imposed on jury trials in this district by COVID-19 emergency protocols, and due to the Court's and counsel's busy schedules, that a firm date should be placed on the record to allow this case to proceed most efficiently. Having conferred with counsel for the government, we can represent to the Court that the parties and counsel are available in May 2022 to proceed to trial in this matter. If available to the Court, and to facilitate preparations for trial taking into consideration existing COVID-19 protocols, we respectfully ask that the Court set a firm trial date in May 2022. The parties have no objection to jury selection by the magistrate judge at that time.

I have conferred with Assistant United States Attorney Jonathan Algor, and on behalf of the government, the prosecution has no trial conflict and is available to proceed to trial on December 20, 2021, but the government has no objection to the defendant's request.

Respectfully submitted,

*Henry Mazurek*

Henry E. Mazurek
*Counsel for Defendant Jacob Daskal*

CC:   Government Counsel