# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE KINGS: TAP 1
------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

                                          **DECISION AND ORDER**

       -against-                              Indictment No. 3569/2018

JACOB DASKAL,

                                Defendant.
------------------------------------------------------------x

Dineen A. Riviezzo, J.:

      By Indictment No. 3569/2018, defendant is charged with two counts of Rape in the Third Degree, among other charges. The People allege that defendant, aged 59 years, engaged in sexual intercourse and oral sexual conduct with the complainant, R. M., beginning when she was 15 years old. On May 10, 2018, the defendant was arrested and the grand jury voted a twenty-count indictment charging the defendant with Rape in the Third Degree among other charges. Two cellular phones were recovered from the defendant at the time of his arrest. On the same day, Assistant District Attorney Kevin O'Donnell ("ADA O'Donnell") appeared in Part AR3 before the Honorable Judge Adam D Perlmutter with an application for a search warrant for the defendant's residence located at 1220 46th Street in Kings County. No stenographic minutes were taken of the application. Judge Perlmutter issued the warrant authorizing search of defendant's residence and the seizure and search of any computers found within the home. ("Resident Warrant")

      On October 10, 2018, ADA O'Donnell appeared in the Miscellaneous Part before the Honorable Justice William Harrington with an application for a search warrant for a Samsung galaxy cellular phone and an Apple iPhone which were recovered from defendant's person at the time of

arrest. Judge Harrington reviewed the information presented to him and issued the warrant authorizing the search of the two cellular phones. ("Cell phone warrant") Stenographic minutes were taken of the application and annexed to the People's opposition papers as an exhibit.

Defendant moves to controvert each of the search warrants asserting that the warrant applications do not assert any factual basis to suggest that the defendant's home, the computers and cell phones contain evidence of a crime. As to portions of the warrants pertaining to electronic devices and cellular telephones, defendant asserts that the warrants were overly broad and insufficiently particularized to search all areas of the devices.[1]

The People oppose the motion in its entirety and assert that there was sufficient probable cause to believe that evidence of sexual contact between defendant and complainant would be found in defendant's residence in his computers and on both of defendant's cellular phones. The People assert that the warrants were not overbroad.

For the reasons stated below, the Court denies the motion to controvert the residence warrant but grants the motion to controvert the cell phone warrant as overbroad.

### Discussion

A defendant is entitled to challenge the issuance of a search warrant on the grounds that there was no actual showing of probable cause, or that the affirmation issued in support of the search warrant contained perjury by a public servant (*Franks v Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978); *People v Bigelow*, 66 NY2d 417, 488 N.E.2d 451, 497 N.Y.S.2d 630 (1985). "To establish probable cause, a search warrant application must provide sufficient information to

---

[1] Since the People assert that no vibrators or other sex toys were recovered during the warrant, the Court need not address defendant's assertion that the information supporting the search for these items in defendant's residence was stale.

2

support a reasonable belief that evidence of a crime may be found in a certain place" *(People v Murray*, 136 AD3d 714, 714, 24 N.Y.S.3d 194, *quoting People v McCulloch*, 226 AD2d 848, 849, 640 N.Y.S.2d 914; *see People v Augustus*, 163 AD3d 981, 982, 83 N.Y.S.3d 281). Great deference should be accorded to the court's determination to issue a search warrant (*see People v Crupi*, 172 AD3d 898, 100 N.Y.S.3d 56 [2d Dept 2019]; *People v Griminger*, 71 NY2d 635, 640, 524 N.E.2d 409, 529 N.Y.S.2d 55; *People v Johnson*, 66 NY2d 398, 406, 488 N.E.2d 439, 497 N.Y.S.2d 618; *People v Kane*, 175 AD2d 881, 883, 573 N.Y.S.2d 729).

**Facts of the Alleged Crime**

The alleged crimes are described the same in each warrant. ADA O'Donnell affirmed that he was informed by the complainant, R.M., that in August 2017 when she was aged 15, she and the defendant engaged in oral sexual conduct in upstate New York. At the defendant's request and direction, complainant wrote letters stating that she and defendant engaged in sexual activities as part of "therapy." Thereafter, complainant asked the defendant to return the letters to her. Defendant responded that he scanned the letters onto his computer and that he would use the letters if he ever got caught.

Complainant further advised ADA O'Donnell that from late August to mid-October of 2017, she lived at the defendant's residence at 1220 46th Street in Kings County and that during that time period on multiple occasions they engaged in sexual intercourse and oral sexual conduct.

Complainant further stated to ADA O'Donnell that from mid- October 2017 to November 2017, the defendant engaged in similar conduct with her in hotel rooms in Chicago. Complainant stated that she and the defendant engaged in "numerous electronic communications via text messaging and internet-based applications." In some of the communications, defendant discussed

3

his sexual fantasies. The complainant advised that at the defendant's residence defendant kept laptop computers, multiple desktop computers, a scanner and a printer. She further advised that defendant kept a vibrator and other sex toys in an envelope on the first floor of his residence and that she left multiple items of clothing and personal belongings inside his residence.

**Search Warrant for Residence and Computers**

The warrant described the location to be searched and listed the physical property to be seized, such as vibrators and other sex toys; computers or electronic storage devices; cellular telephones, cameras, video recorders and other electronic devices, etc. The warrant further sought authorization to search computers, cellular telephones etc., for "records of communication between the subject and the witness" and "data evidencing internet usage history."

Based on the facts set forth in the affidavit, there was probable cause to believe that evidence related to the crimes committed between August and November 2017 may be found in defendant's residence, including but not limited to letters written to defendant by the complainant and communications between them on internet-related applications and by text message.

Moreover, the warrant was not vague or overly broad. Here, the warrant included a specific list of items to be seized from the residence and limited the search of computers, cellular telephones, cameras and other electronic devices to "records of communication between the subject and the witness" in the first instance and "data, information, or images evidencing internet usage history" (Search Warrant at 2). These two categories of content are supported by the factual assertions in the warrant that the defendant and the complainant communicated by text messages and by internet-based applications as well as the assertion that defendant scanned a copy of the letter written by the complainant. Thus, because the warrant limits the search by content, the lack of a specific time frame

4

does not render the warrant overbroad. Therefore, the defendant's motion to controvert search warrant of his residence is denied.

**Search Warrant for Cellular Phones**

The Court finds that there was probable cause to search the phones for communications between the complainant and the defendant, for the letters that the defendant scanned and any evidence of the alleged trip to Chicago. However, unlike the warrant for defendant's residence and computers, this warrant contained no language limiting the search of the phones by content, date nor by the items for which there was specific probable cause. Rather, the warrant allows for a search of every aspect of the phone - GPS, voice messages, text messages, call history, contact information, photos, videos, calendar contents, social media communications etc, with no limit by date that the complainant knew or was in contact with the defendant or alternatively without a limit by the content or method by which the complainant alleges she communicated with the defendant.

In *People v Thompson*, 178 AD3d 457, 116 N.Y.S.3d 2 [1st Dept 2019]), the First Department found a search warrant overboard when it authorized examination of defendant's internet usage for a specific period of time (January 1 to September 13, 2016) when the only evidence of the defendant's communication with the under-aged victim occurred on September 1, 2016. The warrant was also found to be overbroad because it authorized examination of "all other data on defendant's phones" when defendant's communication with the victim was only by text and phone call. (*Id.*).

Here, the affirmation asserts that the parties first met in August 2017 and that they engaged in sexual contact through November 2017. During this time frame, it is alleged that the parties engaged in "numerous electronic communication via text messaging and internet-based applications." It was further alleged that defendant scanned letters from the complainant for

5

safekeeping. Defendant was arrested on May 10, 2018, six months later, and was in possession of the two cellular telephones at issue. While agreeing with the prosecution that this time frame does not render the information stale, the Court finds that the warrant is over broad because, like *Thompson*, there are no "details or guidelines in the warrant that could serve to limit its reach to evidence related to the crimes for which there was probable cause" (*People v Melamed*, 178 AD3d 1079, 116 N.Y.S.3d 659 (2nd Dept 2019)(over broad warrant for computers lacked "guidelines, parameters or constraints on the type of items to be viewed and seized"). If not by date, then at the very least, the warrant should have contained similar limiting language as in the warrant for his residence and computers, such as "records of communication between the subject and the witness" (*see also People v Wallack*, 2020 NYLJ LEXIS 1275 [NY Co. Sup Ct, August 12, 2020)(over broad warrant for Instagram account lacked limiting restrictions such as area and type of data to search and seize). Therefore, the defendant's motion to controvert the search warrant of each cellular telephone is granted and any and all evidence seized from the cellular telephones are suppressed.

This constitutes the decision and order of this Court.

SO ORDERED:

Date: September 21, 2020

HON. DINEEN ANN RIVIEZZO, J.S.C.

HON. DINEEN ANN RIVIEZZO