# Exhibit F

MEL:EMR/JEA  
F. #2018R02232

\***FILED**\*

6:32 pm, Feb 26, 2021

U.S. DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JACOB DASKAL,

             Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. 1:21-cr-00110(NGG)(LB)  
(T. 18, U.S.C., §§ 2422(b), 2423(a), 2423(b), 2428(a) and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>  
(Travel with Intent to Engage in Illicit Sexual Conduct)

1. In or about and between August and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACOB DASKAL did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to wit: Jane Doe, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sex Act in the Third Degree), in that DASKAL engaged in sexual intercourse and oral sexual conduct with Jane Doe, who had not yet attained the age of 17 years, while he was more than 21 years old, using one or more facilities and means of interstate commerce.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT TWO
(Transportation of Minor with Intent to Engage in Criminal Sexual Activity)

2. In or about August 2017, within the Eastern District of New York and elsewhere, the defendant JACOB DASKAL did knowingly and intentionally transport Jane Doe, an individual who had not yet attained the age of 18 years, in interstate commerce, to wit: from Brooklyn, New York through New Jersey to South Fallsburg, New York, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sexual Act in the Third Degree), in that DASKAL transported Jane Doe, who had not yet attained the age of 17, from Brooklyn, New York through New Jersey to South Fallsburg, New York, while he was more than 21 years old, for the purpose of engaging in sexual intercourse and oral sexual conduct with Jane Doe.

(Title 18, United States Code, Sections 2423(a) and 3551 et seq.)

## COUNT THREE
(Travel with Intent to Engage in Illicit Sexual Conduct)

3. On or about November 5, 2017, within the Eastern District of New York and elsewhere, the defendant JACOB DASKAL did knowingly and intentionally travel in interstate commerce for the purpose of engaging in any illicit sexual conduct with another person, to wit: DASKAL travelled from Queens, New York to Chicago, Illinois by airplane for the purpose of engaging in sexual activity with Jane Doe, an individual who had not yet attained the age of 18 years.

(Title 18, United States Code, Sections 2423(b) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH THREE

4. The United States hereby gives notice to the defendant JACOB DASKAL that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of: (a) any property, real or personal, used or intended to be used to commit or facilitate the commission of such offenses; and (b) any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such offenses.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

4

F. #2018R02232

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*JACOB DASKAL*,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2422(b), 2423(a), 2423(b), 2428 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

Bail, $ _____

*Erin Reid and Jonathan Algor, Assistant U.S. Attorneys (718) 254-7000*

5