

Meister Seelig & Fein PLLC

Henry E. Mazurek
*Partner*
Direct (212) 655-3594
Fax (646) 682-9222
hem@msf-law.com

June 22, 2023

**VIA ECF**

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4D South
Brooklyn, NY 11201

          **Re:**    *United States v. Jacob Daskal*, 21-cr-110 (NGG)

Dear Judge Garaufis:

      We represent defendant Jacob Daskal in the above-referenced matter. We write in quick reply to the government's letter of June 21, 2023 (ECF Doc. 103), in which it asks the Court to order the extraordinary remedy of precluding counsel for the defendant Jacob Daskal from being physically present at the video deposition of Ms. Rivka Finkel, after the Court granted the defendant's motion for a video deposition under Fed. R. Crim. P. 15 ("Rule 15").

      Without citation to any portion of the Court's order granting Mr. Daskal's motion to conduct a foreign deposition under Rule 15, the government now claims that the Court somehow has ordered counsel for the parties ***not*** to attend the deposition of Ms. Finkel in Israel. We did not find this prohibition in the Court's original order granting the defendant's Rule 15 motion. The Court did not expressly order such a prohibition, of course, because such an extraordinary restriction would run counter to express provisions in Rule 15, which actually requires the ***physical presence*** of the defendant at the witness deposition, unless certain specific findings are made by the Court. *See* Fed. R. Crim. P. 15(c)(2), (3) (stating the general rule that defendants out-of-custody have right to be physically present, but identifying exceptions to this right in subsection (c) for depositions taken outside the country).

      Rule 15 does not expressly set forth any procedure which would allow counsel for the parties not to be physically present at the witness deposition. Ideally, of course, Mr. Daskal would prefer Ms. Finkel to be physically present in Brooklyn at his trial to be observed at close quarters by his jury for her demeanor and manner in which she responds to counsel's examination. However, Ms. Finkel resides overseas, is not a U.S. citizen, and is outside of this Court's jurisdiction absent time-consuming and cumbersome diplomatic letters rogatory

exchanged by the two nation states. Mr. Daskal has foregone his right to have Ms. Finkel physically present at his trial in exchange for the Rule 15 video deposition process to allow for the expeditious recording of her testimony to be used at trial. He does not – and never has – waived his right to have his counsel present at this deposition. He deserves at least this due process protection, and his counsel want to be present for this important testimony.

In this lawyer of a certain age's experience, the "video" in foreign depositions meant the recording that is taken of the deposition, not the way that each party's counsel appears at the deposition. Indeed, all Rule 15 depositions that I have experienced in my 30 years as a defense lawyer (which included such friendly countries as Mexico and the U.K., and some not as friendly ones, like Honduras) had counsel physically present with the witness at the time of the deposition. It was with this experience that we made our motion to the Court. *See, e.g., United States v. Banki*, 2010 WL 1459442, at *1, No. S1 10 Cr. 08 (JFK) (S.D.N.Y. Apr. 6, 2010) (because "neither the prosecutor nor defense counsel can travel to Iran to depose the witnesses," identifying alternative site of Istanbul, Turkey for counsel to conduct the depositions); *United States v. Mohamed,* 2020 WL 1545522, at *2, No. 18 Cr. 603 (ARR) (E.D.N.Y. Apr. 1, 2020) (despite expressing concern for "the safety of sending attorneys to depose the witness," Judge Ross granted Rule 15 motion to depose witnesses in Mogadishu, Somalia).

While we are certainly aware that "video" appearances have become more commonplace during the global pandemic, and under the national emergency measures codified under the CARES Act, those provisions have not been made permanent in any federal legislation governing criminal trials, and certainly have not amended the provisions in Rule 15. While counsel for the parties could agree not to be present at the deposition, defense counsel does not waive Mr. Daskal's implicit right to have his counsel present upon the taking of his own witness's deposition. Of course, government's counsel can decide not to be physically present, and we would not object if the government decides to question the witness remotely. We, however, insist that one of Mr. Daskal's lawyers be present at this critical stage of Mr. Daskal's proceedings.

The government has not offered any legal authority, binding or otherwise, to support its position that the Court actually has the authority to **preclude** counsel for the parties from attending the foreign deposition of a potential trial witness. This is for good reason. Rule 15 does not include any exception to the bedrock Sixth Amendment safeguard that counsel be present for critical parts of the criminal proceedings. *See e.g., Woods v. Donald*, 135 S.Ct. 1372, 1377-78 (U.S. 2015) (in *habeas* petition alleging violation of Sixth Amendment right to effective assistance of counsel, declining to reach constitutional issue of whether counsel's physical absence from trial for 10 minutes of testimony constituted Sixth Amendment violation, but noting that any absence from "critical stage of trial" could have constitutional impact).

The government posits issues like "logistics," or the time it takes to book travel, or to complete administrative paperwork as government employees to gain authorization to travel, in support of its argument that this Court should affirmatively **prevent** counsel for Mr. Daskal from attending the deposition of his own trial witness. These concerns, of course, pale in comparison to fundamental due process rights and the right to counsel that safeguard each of our citizens in defense of felony criminal charges. In this case, those charges carry a **minimum mandatory** statutory punishment of 10 years in prison, and advisory Guidelines of possibly much more. It is

inconceivable that the government asks this Court to prevent defense counsel from performing our constitutional duties to Mr. Daskal because prosecutors do not want to go through the trouble of filing cumbersome paperwork.

We too want to maximize our time to prepare adequately for trial, but we also want to provide the best representation for our client at trial. This includes, in our opinion, that a lawyer for Mr. Daskal be present at the taking of deposition testimony for one of its significant defense witnesses. We do not surrender this procedural protection for our client.[1]

Respectfully yours,
MEISTER SEELIG & FEIN LLP

*Henry Mazurek*

Henry E. Mazurek
Ilana Haramati
*Counsel for Defendant Jacob Daskal*

cc: Government Counsel (via ECF)

---

[1] Government counsel also proposes a contemporaneous video feed at trial to conduct the live testimony of Ms. Finkel at trial. Mr. Daskal objects to this procedure as well. The government does not present any legal authority endorsing this form of testimony at federal criminal trials. More importantly, this reliance on technology – at a live trial before a jury – is replete with possible hazards. First, there are a myriad of technology snafus that might occur in a feed spanning multiple continents and time zones, including frozen screens or blurry video that would not enable the jury to observe clearly the demeanor and appearance of the witness as she testifies. Second, there are issues about securing the witness's place where the testimony is being given to assure that the witness is not being influenced or coached by another person during the testimony. Third, if the witness is delayed or fails voluntarily to appear at the sudden time and place when she is called, the defendant risks losing the ability to present her testimony, and obviously counsel would not be able to be physically present with the witness to help control logistics and to conduct the examination as is requested here. *See e.g., In re RFC and ResCap Liquidating Trust Action*, 444 F.Supp.3d 967, 970-971, 111 Fed. R. Evid. Serv. 1184 (D. Minn. 2020) (in civil action, finding that "[v]ideoconference proceedings have their shortcomings;" "virtual reality is rarely a substitute for actual presence and . . . even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it;" accordingly, "remote transmission [of live testimony] is to be the exception and not the rule."). Lastly, we note that there is no equivalent to Fed. R. Civ. P. 43(a) in the Federal Criminal Rules.