EMR/GN
F. #2018R02232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JACOB DASKAL,

              Defendant.

Docket No. 21-CR-110 (NGG)

- - - - - - - - - - - - - - - - - - - - - - - - - - X


<u>THE GOVERNMENT'S REQUEST TO CHARGE</u>


                            BREON PEACE
                            UNITED STATES ATTORNEY
                            Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201

Erin Reid
Genny Ngai
Assistant U.S. Attorneys
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 3

GENERAL REQUESTS ........................................................................................................... 4

REQUEST NO. 1 - Summary Of The Indictment ................................................................ 5

REQUEST NO. 2 - Knowledge And Intent ......................................................................... 7

REQUEST NO. 3 – Mann Act Coercion And Enticement ................................................... 9

REQUEST NO. 4 – Transportation of Minor ..................................................................... 14

REQUEST NO. 5 - Interviews Of Witnesses ..................................................................... 18

REQUEST NO. 6 - All Available Evidence Need Not Be Produced ................................... 19

REQUEST NO. 7 – No Duty to Use Particular Investigative Techniques ........................... 20

REQUEST NO. 8 – Uncalled Witnesses Equally Available ............................................... 21

REQUEST NO. 9- Basing Verdict On Sympathy Is Impermissible .................................... 22

REQUEST NO. 10 - Impeachment By Prior Inconsistent Statement (If Applicable) ............. 23

REQUEST NO. 11 - Defendant's Right Not To Testify (If Applicable) ............................... 24

REQUEST NO. 12 - Testimony of Defendant (If Applicable) ............................................ 25

REQUEST NO. 13 - Expert Testimony .............................................................................. 26

REQUEST NO. 14 - Evidence Obtained Pursuant To Lawful Procedures ........................... 27

REQUEST NO. 15 - Charts and Summaries ...................................................................... 28

REQUEST NO. 16 – Punishment ....................................................................................... 29

CONCLUSION .................................................................................................................. 30

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government requests that the Court include the following instructions in its charge to the jury.   In addition, the government requests leave to amend and offer additional instructions as they become necessary during the course of the trial.   The government further respectfully requests that copies of the jury instructions be provided to the jurors during their deliberations.

<u>GENERAL REQUESTS</u>

The government requests that the Court charge the jury in its usual manner on the following subjects:

1.    The Role of the Court and the Duties of the Jury;

2.    Equality of the Parties Before the Court;

3.    Jury Communications with Lawyers and the Court;

4.    Presumption of Innocence;

5.    Dates Approximate;

6.    Meaning of "And" in the Indictment;

7.    Burden of Proof and Reasonable Doubt;

8.    Circumstantial Evidence and Direct Evidence;

9.    Function of the Indictment and What is Not Evidence;

10.    Permissible Inferences Drawn from the Evidence;

11.    Stipulations and Objections;

12.    Redacted Exhibits Appropriate (if applicable):

13.    Credibility of Witnesses;

14.    Deliberations;

15.    Right to See Exhibits and Have Testimony Read During Deliberations;

16.    Questioning Wisdom of Law; and

17.    Duty to Consult and Need for Unanimity.

REQUEST NO. 1 - Summary Of The Indictment

In order to place my instructions in context, I will start by giving you a summary of the crimes charged.   They are stated in the Indictment.   The Indictment is not evidence; it is simply the instrument by which the charges are brought.   It is an accusation.   It may not be considered by you as any evidence of the guilt of the defendant.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the Indictment against the defendant.   And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the Indictment.   The Indictment contains two counts against the defendant.   You must consider each count separately and return a separate verdict for each count based only upon the evidence as it relates to that specific count.   Your verdict as to each count must be unanimous.

Count One charges the defendant JACOB DASKAL for knowingly and intentionally persuading, inducing, enticing and coercing Jane Doe (who was less than 17 years old at the time) to engage in sexual activity in violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sex Act in the Third Degree) and a violation of Illinois Criminal Code Section 5/12-16(d) using one or more facilities and means of interstate commerce.   Count Two charges the defendant for knowingly and intentionally transporting Jane Doe across state lines for the purpose of engaging in criminal sex acts with her (when she was less than 17 years old), specifically, sexual intercourse in violation of New York Penal Law Section 130.25(2) and oral sexual conduct in violation of New York Penal Law Section 130.40(2) (Criminal Sex Act in the Third Degree).

I have summarized the counts in the Indictment simply to give you an overview of

the charges.   I will go through each of these charges in more detail in a moment.

Authority: Adapted from the charge of Hon. Joseph F. Bianco, United States v. Escobar, 21-CR-101 (JFB) ("Escobar"); the charge of Hon. Joseph F. Bianco, United States v. Suarez, 16-CR-403 (JFB) ("Suarez").

<u>REQUEST NO. 2 - Knowledge And Intent</u>

During these instructions, you will hear me use the terms "knowingly" and "intentionally" because both of the counts the defendant has been charged in use those specific terms.   As a general rule, the law holds persons accountable only for conduct in which they knowingly or intentionally engage.   Thus, before you can find a defendant guilty, you must be satisfied that he was acting knowingly and intentionally.   Therefore, I will define these terms for you.

a.     <u>Knowingly</u>:   An act is done "knowingly" when it is done voluntarily and intentionally and not because of ignorance, accident, mistake, negligence, carelessness, or some other innocent reason. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

b.     <u>Intentionally</u>:   A person acts "intentionally" when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

A defendant need not have been aware of the specific law that his conduct may have violated.

These issues of knowledge and intent require you to make a determination about the defendants' state of mind, something that rarely can be proved directly.   A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind.   Indeed, in your everyday affairs, you are

frequently called upon to determine a person's state of mind from his or her words and actions in a

particular circumstance.   You are asked to do the same here.

Authority:   Adapted from the charge of the Honorable Kiyo A. Matsumoto, United States v. Rivera, No. 13-CR-149 (KAM) (E.D.N.Y. June 15, 2015) at 51, ECF No. 453; and charge of the Honorable Nicholas G. Garaufis, United States v. Ashburn, No. 11-CR-303 (NGG) (E.D.N.Y. Mar. 11, 2015) at 26-27, ECF No. 425.

REQUEST NO. 3 – Mann Act Coercion And Enticement

Count One alleges that the defendant used one or more facilities of interstate commerce to persuade, induce, entice or coerce a minor to engage in illegal sexual activity for which the defendant could be charged, specifically: (1) Rape in the Third Degree under New York Penal Law Section 130.25(2); (2) Criminal Sex Act in The Third Degree Under New York Penal Law Section 130.40(2); and (3) Aggravated Criminal Sexual Abuse Under Illinois Criminal Code Section 5/12-16(d).   Count One of the Indictment reads:

> In or about and between August and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACOB DASKAL did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to wit: Jane Doe, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sex Act in the Third Degree) and a violation of Illinois Criminal Code Section 5/12-16(d) (effective 2002) (Aggravated Criminal Sexual Abuse), in that DASKAL engaged in sexual intercourse and oral sexual conduct with Jane Doe, who had not yet attained the age of 17 years, while he was more than 21 years old, using one or more facilities and means of interstate commerce.

Count One charges the defendant with violating Title 18, United States Code, Section 2422(b).   That section provides, in relevant part, that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be [guilty of a crime].

To prove the defendant guilty of Count One, the government must prove three

elements beyond a reasonable doubt:

   First, that the defendant used a facility of interstate commerce as alleged in the indictment;

   Second, that the defendant knowingly persuaded or induced or enticed or coerced Jane Doe to engage in sexual activity;

   Third, that the defendant acted with the intent to engage in sexual intercourse with Jane Doe, which conduct is criminally punishable, here, under New York Penal Law ("NYPL") Section 130.25(2) (Rape in the Third Degree) or NYPL Section 130.40(2) (Criminal Sex Act in the Third Degree), or Illinois Criminal Code Section 5/12-16(d) (Aggravated Criminal Sexual Abuse).

I. Use of Internet

   The first element that the government must prove beyond a reasonable doubt is that the defendant used a facility of interstate commerce as alleged in the Indictment. Transmission of communications by means of the telephone or Internet constitutes the use of a facility of interstate commerce regardless of whether the communication actually crossed a state line.   However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the telephone or Internet.

II. Enticement/Persuasion to Engage in Sexual Activity

   The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded, induced, enticed or coerced Jane Doe to engage in sexual

activity.   The words persuade or induce or entice or coerce should be given their ordinary meanings.[1]

III.   Illegal Sexual Activity

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent of engaging in sexual intercourse with Jane Doe, which conduct is criminally punishable here under New York State and/or Illinois law.   The Indictment alleges that defendant persuaded Jane Doe to engage in sexual activity in violation of NYPL Section 130.25(2) (Rape in the Third Degree), NYPL Section 130.40(2) (Criminal Sex Act in the Third Degree), and/or Illinois Criminal Code Section 5/12-16(d) (Aggravated Criminal Sexual Abuse).

A.   New York Penal Law Section 130.25(2)

Specifically, under NYPL Section 130.25(2), "a person is guilty of Rape in the third degree when being twenty-one years (21) old or more, he . . . engages in sexual intercourse with another person less than seventeen (17) years old."   Under New York law, a person is deemed incapable of consenting to sexual intercourse when he or she is less than seventeen years old.   Thus, New York law deems sexual intercourse with someone less than seventeen years old to be without consent, even if in fact that person did consent.[2]   Because Jane Doe's age is an element of Rape under New York Penal Law Section 130.25(2), the government must also prove

---

[1] United States v. Waqar, 997 F.3d 481, 488 (2d. Cir. 2021) (finding that the words "persuade, induce, entice and coerce" are "words of common usage that have plain and ordinary meanings" and that "classic 'grooming' behavior' . . . is consistently understood by our sister circuits as falling squarely within the scope of § 2422(b)'s prohibitions, irrespective of whether it is met with any resistance."); United States v. Brand, 467 F.3d 179, 203 (2d. Cir. 2006) (holding the same).
[2] NY Penal Law § 130.05(3)(a); CJI2d[NY] Penal Law § 130.25(2)

that the defendant knew Jane Doe was less than seventeen years old.[3]   Under New York law,

"sexual intercourse" means any penetration, however slight, of the penis into the vaginal opening.[4]

In other words, any penetration of the penis into the vaginal opening, regardless of the distance of

penetration, constitutes an act of sexual intercourse.[5]   Sexual intercourse does not necessarily

require erection of the penis, emission, or orgasm.[6]

      B.   <u>New York Penal Law Section 130.40(2)</u>

      Under NYPL Section 130.40(2), a person is guilty of Criminal Sex Act in the Third

Degree when "being twenty-one (21) years old or more, he or she engages in oral sexual conduct

[or] anal sexual conduct" with a person who is incapable of consent by reason of being less than

seventeen (17) years old.[7]   Under New York law, "oral sexual conduct" means "conduct between

persons consisting of contact between the mouth and the penis, the mouth and the anus or the

mouth and the vulva or vagina," and "anal sexual conduct" means "conduct between persons

consisting of contact between the penis and the anus."[8]   Under New York law, a person is

incapable of consenting to oral or anal sexual conduct when that person is less than seventeen (17)

years old.[9]   Thus, New York law deems oral or anal sexual conduct with such a person to be

without that person's consent, even if in fact that person did consent.[10]

---

[3] <u>See</u> Sand, Instruction 64-19, Comment (regarding violations of 18 U.S.C. § 2423(a)); <u>X-Citement Video, Inc.</u>, 513 U.S. 64 (1994).
[4] CJI2d[NY] Penal Law § 130.25(2)
[5] <u>Id.</u>
[6] <u>Id.</u>
[7] CJI2d[NY] Penal Law § 130.40 (2)
[8] <u>Id.</u>
[9] <u>Id.</u>
[10] <u>Id.</u>

C.  <u>Illinois Criminal Code Section 5/12-16(d) (Aggravated Criminal Sexual Abuse)</u>[11]

Under Illinois law, a person is guilty of Aggravated Criminal Sexual Abuse when "that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim."[12] Under Illinois law, "sexual penetration" means "any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration."[13]  "Evidence of emission of semen is not required to prove sexual penetration."[14] Under Illinois law, "sexual conduct" means any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused."[15]

<u>Authority</u>: Adapted from Sand, Instructions 64-10 to 64-14; ; <u>see also</u> <u>United States v. Brand</u>, 467 F.3d 179, 201 (2d. Cir. 2006); <u>United States v. Price</u>, 17-CR-301 (S-1)(NGG), ECF No. 81, at 22-24.

---

[11] This statute was renumbered to 720 ILCS 5/11-1.60 in July 2011.
[12] 720 Ill. Comp. Stat. Ann. 5/11-1.60
[13] 720 Ill. Comp. Stat. Ann. 5/11-0.1
[14] <u>Id.</u>
[15] <u>Id.</u>

REQUEST NO. 4 – Transportation of Minor

Count Two charges the defendant with transporting minor to engage in criminal

sexual activity, for which the defendant could be charged under New York Penal law.   Count

Two of the Indictment reads:

> In or about August 2017, within the Eastern District of New York and elsewhere,
> the defendant JACOB DASKAL did knowingly and intentionally transport Jane
> Doe, an individual who had not yet attained the age of 18 years, in interstate
> commerce, to wit: from South Fallsburg, New York through New Jersey to
> Brooklyn, New York, with intent that such individual engage in sexual activity for
> which a person can be charged with a criminal offense, to wit: violations of New
> York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2)
> (Criminal Sexual Act in the Third Degree), in that DASKAL transported Jane Doe,
> who had not yet attained the age of 17, from South Fallsburg, New
> York through New Jersey to Brooklyn, New York, while he was more than 21
> years old, for the purpose of engaging in sexual intercourse and oral sexual conduct
> with Jane Doe.

The indictment charges the defendant with violating section 2423(a) of Title 18 of

the United States Code. That section provides in relevant part:

> A person who knowingly transports an individual who has not attained the age of
> 18 years in interstate or foreign commerce, or in any commonwealth, territory or
> possession of the United States, with intent that the individual engage in … any
> sexual activity for which any person can be charged with a criminal offense, shall
> be [guilty of a crime].

In order to prove the defendant guilty of transporting a minor for the purpose of

engaging in illegal sexual activity, the government must prove each of the following elements

beyond a reasonable doubt:

First, that the defendant knowingly transported Jane Doe in interstate commerce, as alleged

in the indictment;

Second, that defendant transported Jane Doe with the intent that Jane Doe would engage in

illegal sexual activity criminally punishable here under New York Penal Sections 130.25(2) and

130.40(2); and

Third, that Jane Doe was less than seventeen years old at the time of the acts alleged in the indictment.

I.     Transport in Interstate Commerce

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly transported Jane Doe in interstate commerce, as alleged in the indictment.  "Interstate or foreign commerce" means simply movement between one state and another or between the United States and a foreign country.  The government does not have to prove that the defendant personally transported Jane Doe across a state line.  It is sufficient to satisfy this element that defendant was actively engaged in the making of the travel arrangements, such as by purchasing the tickets necessary for Jane Doe to travel as planned.

The defendant must have knowingly transported Jane Doe in interstate commerce. This means that the government must prove that defendant knew both that he was transporting Jane Doe as I just defined that term, and that he was transporting Jane Doe in interstate commerce. To act knowingly means to act voluntarily and intentionally and not because of accident, mistake or other innocent reason.

II.     Intent to Engage in Illegal Sexual Activity

The second element that the government must prove beyond a reasonable doubt is that defendant transported Jane Doe with the intent that she would engage in illegal sexual activity.   The Indictment alleges that defendant transported Jane Doe with the intent that such individual engage in sexual activity in violation of New York Penal Law Sections 130.25(2) (Rape

15

in the Third Degree) and 130.40(2) (Criminal Sexual Act in the Third Degree).   I have previously instructed you on the elements of those state offenses, so please follow those instructions.

Direct proof of a person's intent is almost never available.   It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required.   The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

In order to establish this element, it is not necessary for the government to prove that engaging in illegal sexual activity was the sole purpose for crossing the state line.   A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey.   The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across a state line was that Jane Doe would engage in illegal sexual activity.   In other words, that illegal activity must not have been merely incidental to the trip.

III.   Age of Victim

The third element that the government must prove beyond a reasonable doubt is that Jane Doe was less than seventeen years old at the time of the acts alleged in the indictment. You may note that the text of Title 18, United States Code, Section 2423(a) only requires that Jane Doe be less than eighteen years old.    Because, however, the underlying criminal sexual activity alleged in the Indictment—Rape under New York Penal Law Section 130.25(2) and Criminal Sexual Act in the Third Degree under New York Penal Law Section 130.40(2)—only applies

16

where a victim is less than seventeen years old, the Government must prove that Jane Doe was

less than seventeen years old.

Authority: Adapted from Sand, Instructions 64-04 to 64-19; Price Final Jury Instructions, ECF No. 81, at 225-28.

<u>REQUEST NO. 5 - Interviews Of Witnesses</u>

There was testimony at trial that the attorneys and agents for the government interviewed witnesses when preparing for, and during the course of, the trial.   You should not draw any unfavorable inference from that testimony.   To the contrary, the attorneys were obliged to prepare this case as thoroughly as possible and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began and as necessary throughout the course of the trial.

<u>Authority</u>:   Adapted from <u>Rivera</u> Instructions, No. 13-CR-149 (KAM) at 45, ECF No. 453; Charge of the Honorable Raymond J. Dearie, <u>United States v. Jacquez de Abreu</u>, 16-CR-564 (RJD) (E.D.N.Y. Aug. 10, 2018) at 14-15, ECF No. 110; and charge of the Honorable Kiyo A. Matsumoto, <u>United States v. Greebel</u>, No. 15-CR-637 (E.D.N.Y. Dec. 22, 2017) at 25, ECF No. 500.

REQUEST NO. 6 - All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

Authority: Adapted from E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, Instruction No. 72.11 (3d ed. 1977).

REQUEST NO. 7 – No Duty to Use Particular Investigative Techniques

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

Authority: Rivera Instructions, No. 13-CR-149 (KAM) at 46, ECF No. 453; Charge of the Honorable Carol Bagley Amon, United States v. Mitchell, No. 18 CR 344 (CBA) (E.D.N.Y. Nov. 19, 2018) at 8, ECF No. 48.

REQUEST NO. 8 - Uncalled Witnesses Equally Available

Both the government and the defense have the same right to subpoena witnesses to testify on their behalf.   There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

I remind you, however, that because the law presumes the defendants to be innocent, the burden of proving each defendants' guilt beyond a reasonable doubt is on the government throughout the trial. The defendants never have the burden of proving their innocence or of producing any evidence or calling any witnesses at all.

Authority: Rivera Instructions, No. 13-CR-149 (KAM) at 48, ECF No. 453; Sand, Instruction 6-7.

REQUEST NO. 9- Basing Verdict On Sympathy Is Impermissible

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.   You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:   Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I charge you.   It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.   But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

Authority:   Adapted from Sand, Instruction 2-12.

22

REQUEST NO. 10 - Impeachment By Prior Inconsistent Statement (If Applicable)

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.   Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness.   If you find that the witness made an earlier statement that conflicts with his/her trial testimony, you may consider that fact in deciding how much of his/her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight should be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

Authority: Rivera Instructions, No. 13-CR-149 (KAM) at 35-36, ECF No. 453; Sand, Instruction 7-19.

REQUEST NO. 11 - Defendant's Right Not To Testify (If Applicable)

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider this in any way in your deliberations in the jury room.

Authority: Sand, Instruction No. 5-21.

<u>REQUEST NO. 12 - Testimony of Defendant (If Applicable)</u>

       The defendant in a criminal case never has any duty to testify or come forward with any evidence.    This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.    In this case, the defendant did testify and he was subject to cross-examination like any other witness.    You should examine and evaluate the testimony just as you would the testimony of any other witness.

<u>Authority</u>: Adapted from the charge of Hon. Nicholas G. Garaufis, <u>United States v. Elias</u>, 18-CR-33 ("<u>Elias</u>").

REQUEST NO. 13 - Expert Testimony

   In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

   In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment, and common sense.   The determination of the facts in this case rests solely with you.

Authority: Rivera Instructions, No. 13-CR-149 (KAM) at 33, ECF No. 453; Sand, Instruction 7-21; and Gill Instruction at 15-16.

<u>REQUEST NO. 14 - Evidence Obtained Pursuant To Lawful Procedures</u>

During the trial in this case, you have heard evidence concerning a variety of investigative techniques, including evidence recovered during the search of a residence and searches of electronic devices.   These searches were lawful, and the law enforcement officers who conducted the respective searches acted in accordance with the law.   I instruct you that any evidence that was presented to you was obtained legally and can be considered.   The fact of the search itself or the manner in which the search was conducted should not enter into your deliberations in any respect.

<u>Authority:</u>   Adapted from <u>Rivera</u> Instructions, No. 13-CR-149 (KAM) at 19-20, ECF No. 453; <u>Gill</u> Instruction at 20-21.

<u>REQUEST NO. 15 - Charts and Summaries</u>

Certain exhibits have been admitted in evidence in the form of charts, summaries and demonstratives.   You should consider these charts and summaries as you would any other evidence.

In addition, other charts and summaries were shown to you but were not admitted into evidence.   Those charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.   They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.   Therefore, you are to give no greater consideration to those charts or summaries than you would give to the evidence upon which they are based.   It is for you to decide whether the charts, schedules, summaries, or demonstratives correctly present the information contained in the testimony and in the exhibits on which they were based.   You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

<u>Authority:</u>   Adapted from <u>Rivera</u> Instructions, No. 13-CR-149 (KAM) at 21, ECF No. 453.

REQUEST NO. 16 – Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing a sentence rests exclusively upon the court.   Your duty is to weigh the evidence in the case and to determine whether or not a defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.   Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Authority: Adapted from Sand, Instruction 9-1; and Krivoi Instruction at 152-53.

CONCLUSION

The United States respectfully requests that the Court include the foregoing

charges in its instructions to the jury.

Dated: Brooklyn, New York
       July 10, 2023

<div style="margin-left: 40%;">

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

</div>

By:   _____/s/_____
      Erin Reid
      Genny Ngai
      Assistant United States Attorneys
      (718) 254-7000