UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,


     – against –                              No. 21-cr-110 (NGG)

JACOB DASKAL,

                     Defendant.
------------------------------------------------------------------------x


---

## DEFENDANT JACOB DASKAL'S REQUESTS TO CHARGE

---

**MEISTER SEELIG & FEIN PLLC**
*Counsel for Jacob Daskal*
125 Park Avenue, 7th Floor
New York, New York 10017
Phone: (212) 655-3500
Fax: (212) 655-3535

# TABLE OF CONTENTS

General Requests ................................................................................................ 2

Request No. 1: Preliminary Instruction – Prohibition Against Discussing the Case and Use of Electronic Technology to Learn or Communicate about Case ............................. 3

Request No. 2: Presumption of Innocence – Reasonable Doubt – Burden of Proof ..................... 5

Request No. 3: Improper Considerations .................................................................. 6

Request No. 4: Implicit Bias ................................................................................. 7

Request No. 5: Law Enforcement Witness ................................................................. 8

Request No. 6: Multiple Counts ............................................................................. 9

Request No. 7: Consider Only the Charges ............................................................... 10

Request No. 8: Count One – General Instructions ....................................................... 11

Request No. 9: Count One – Elements of Coercion and Enticement to Engage in Illegal Sexual Activity .................................................................................................. 12

Request No. 10: Count One – Persuade, Induce, Entice, or Coerce Using a Means or Facility of Interstate Commerce ................................................................................. 13

Request No. 11: Count One – Sexual Activity For Which a Person Can Be Charged with a Crime ...................................................................................................... 14

Request No. 12: Count One – Sexual Activity with A Person Who had Not Yet Attained the Age of 17 Years ............................................................................................. 15

Request No. 13: Count Two –Transportation of a Minor to Engage in Illegal Sexual Activity – General Instructions ..................................................................................... 16

Request No. 14: Count Two – Transportation of a Minor to Engage in Illegal Sexual Activity – The Elements ............................................................................................... 17

Request No. 15: Count Two – Knowingly Transporting a Minor in Interstate Commerce .......... 18

Request No. 16: Count Two – Intent to Engage in Sexual Activity for Which Any Person Can be Charged With a Criminal Offense ..................................................................... 19

Request No. 17: Count Two – Sexual Activity with A Person Who had Not Yet Attained the Age of 17 Years ............................................................................................. 20

i

Request No. 18: Character Evidence ........................................................................... 21

Request No. 19: Direct and Circumstantial Evidence ................................................. 22

Request No. 20: Defense Theory of the Case .............................................................. 23

Request No. 21: Defendant's Right Not to Testify ...................................................... 24

Pursuant to Federal Rule of Criminal Procedure 30, Defendant Jacob Daskal hereby respectfully request that the Court include the following instructions in its charge to the Jury.

We make this submission prior to trial with the understanding that defendants may submit additional jury requests, or ask for modified instructions, in light of the evidence developed at trial or subsequent developments in the law. Additionally, with the Court's permission, we will submit "defense theory" charges after the submission of evidence.

## General Requests

Defendant Jacob Daskal respectfully request that the Court charge the jury in its usual manner on the following subjects:

1. Role of the Court

2. Role of the Jury

3. Jury Communications with the Court

4. Government as a Party and Equality of the Parties Before the Court

5. Objections and Conduct of Counsel

6. Indictment as Accusation Only

7. Testimony and Exhibits

8. Number of Witnesses

9. Witness Credibility

10. Duty of Impartiality

11. Transcripts of Tape Recordings (If Applicable)

12. Inconsistent Statements

13. Stipulations

14. Charts and Summaries

15. Expert Witnesses

16. Limited Use Evidence

17. Inferences

18. Verdict Based on the Evidence

19. Right to See Exhibits and Have Testimony Read During Deliberations

20. Juror Notes and Jury's Recollection Controls

21. Verdict Must be Unanimous

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

First, this means that, during the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. Just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, print news media, television news or entertainment programs), you also must not search the internet or any other electronic resources for information about this case or the witnesses or parties involved. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

Second, this means that you must not communicate about the case with anyone, including your family and friends, until deliberations, when you will discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else other than your fellow jurors. Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or social media websites and apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, TikTok, and Snapchat).

These restrictions apply to all types of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might be viewable by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you may not share any information about the case or discuss the case through any medium. Furthermore, you must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

Finally, a word about an even newer challenge for trials such as this one–persons or entities may seek to manipulate your opinions, or your impartiality during deliberations, using the communications I've already discussed or using fake social media accounts. But these misinformation efforts might also be undertaken through targeted advertising online or in social media. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be

intended to persuade you or your community on an issue, and could influence you in your service as a juror in this case.  For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case.  Please be aware of this possibility, ignore any pop-ups or ads that might be relevant to what we are doing here, and certainly do not click through to learn more if these notifications or ads appear.  If this happens, you must let me know.

Because it is so important to the defendants' constitutional rights that you decide this case based solely on the evidence and my instructions on the law, at the beginning of each day, I may ask you whether you have learned about or shared any information outside of this courtroom.[1]

---

[1] Adapted from Fed. Judicial Conference, *Proposed Model Jury Instruction Regarding The Use of Electronic Technology to Learn or Communicate about a Case* (June 2020), available at: https://www.uscourts.gov/sites/default/files/proposed_model_jury_instructions.pdf.

### Request No. 2: Presumption of Innocence – Reasonable Doubt – Burden of Proof

The law presumes each defendant to be innocent of all the charges. Thus, Mr. Daskal, although accused, each begin the trial with a "clean state"—with no evidence against them. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. As a result, the presumption of innocence alone is sufficient to acquit the defendants, unless you as jurors are unanimously convinced beyond a reasonable doubt of a defendant's guilt after careful and impartial consideration of all the evidence in the case.

To convict the defendants, the burden is on the prosecution to prove the defendants' guilt of each element of the charges beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The government is not required to prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must therefore be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of that person's own affairs. The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

So, if the jury, after careful and impartial consideration of all the evidence in the case, or lack of evidence, has a reasonable doubt that a defendant is guilty of the charge, it must acquit that defendant. If the jury views the evidence in the case as reasonably permitting either of two conclusion—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.[2]

---

[2] Adapted from 1 L. Sand et al., MODERN FEDERAL JURY INSTRUCTIONS (CRIMINAL), Inst. 4-1 (2010) (hereinafter "Sand"); 1A Kevin F. O'Malley et al., FEDERAL JURY PRACTICE & INSTRUCTIONS § 12:10 (6th ed. 2010); *United States v. Williams*, 690 F.3d 70 (2d Cir. 2012); *United States v. Shamsideen*, 511 F.3d 340 (2d Cir. 2007); *United States v. Lopez*, 584 F.2d 1175, 1179 n.4 (2d Cir. 1978).

## Request No. 3: Improper Considerations

Your verdict must be based solely upon the evidence or the lack of evidence. It would be improper for you to consider any personal feelings you may have about Mr. Daskal's race, ethnicity, religion, national origin, sex, age, or any other such factor. Similarly, it would be improper for you to consider any personal feelings you may have about the race, ethnicity, religion, national origin sex, age, or any other similar factors of any other witness or anyone else involved in this case. It also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Mr. Daskal is entitled to a trial free from prejudice and our judicial system cannot work unless you reach a verdict through a fair and impartial consideration of the evidence.[3]

---

[3] Adapted from *United States v. Jones*, No. 16-cr-533 (AJD) (S.D.N.Y.); *United States v. Pizarro*, No. 17-cr-151 (AJN) (S.D.N.Y.).

## Request No. 4: Implicit Bias

It is important for you to discharge your duties without discrimination, meaning that you should not be influenced by any person's religious beliefs, race, color, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. You similarly should not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject by may be expressed without conscious awareness, control or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make a decision.[4]

---

[4] Adapted from *United States v. Berry*, No. 20-cr-84 (AJN) (S.D.N.Y.).

## Request No. 5: Law Enforcement Witness

You have heard the testimony of law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of a witness not employed as a law enforcement officer. You should evaluate such witness' testimony as rigorously as you evaluate the testimony of all other witnesses.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement witness, and to give that testimony whatever weight, if any, you find it deserves.[5]

---

[5] Adapted from Sand, Instr. 7-16.

## Request No. 6: Multiple Counts

With these preliminary instructions in mind, let us turn to the specific charges (or "counts" as they are sometimes called) against Mr. Daskal. I will, at times, refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence. You should also know that there is no significance to the order of these numbers, or the specific number of counts charged, and indeed my instructions will follow a slightly different order than the order in which the various counts appear in the indictment.

There are two counts in the indictment. Mr. Daskal is charged in Count One Mann Act Coercion and Enticement, Count Two with Transportation of Minor with Intent to Engage in Criminal Sexual Activity. In a moment, I will instruct you on each of these charges in more detail.

At the outset, however, let me instruct you that you must consider each count separately and return a separate verdict of not guilty or guilty for each. Whether you find Mr. Daskal guilty or not guilty as to one offense should not affect your verdict as to any other offense charged, unless you are instructed otherwise.

You may only find Mr. Daskal guilty of a particular count if you find that the government has proven each element of the offense charged with respect to that count beyond a reasonable doubt.[6]

---

[6] Adapted from *United States v, Pizarro*, No. 17-cr-151 (AJN) (S.D.N.Y.); *United States v. Le*, No. 15-cr-38 (AJN) (S.D.N.Y.); *United States v. Gupta*, No. 11-cr-907 (JSR), 2012 WL 3879352 (S.D.N.Y.).

## Request No. 7: Consider Only the Charges
### (If Applicable)

Mr. Daskal is charged only with committing the offenses contained in the Indictment. They are not charged with any other crime. There has been evidence that on a different occasion Mr. Daskal is engaged in other offenses beyond the charges in the Indictment. In that connection, let me remind you that the defendants are not on trial for committing those acts not alleged in the Indictment. Accordingly, you may not consider this evidence acts as a substitute for proof that the defendant has a criminal personality or bad character. The evidence of other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose. Specifically, you may not use this evidence to conclude that because the defendant or his alleged co-conspirators committed the other acts then the defendant must also have committed the acts charged in the Indictment. You are not permitted to make such inferences.[7]

---

[7] Adapted from Sand, Instrs. 3-3, 5-25.

## Request No. 8: Count One – General Instructions

Count One of the Indictment charges that Mr. Daskal committed Coercion and Enticement to Engage in Illegal Sexual Activity.  Specifically, paragraph one of the Indictment alleges that:

> In or about and between August and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACOB DASKAL did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to wit: Jane Doe, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sex Act in the Third Degree) and a violation of Illinois Criminal Code Section 5/12-16(d) (effective 2002) (Aggravated Criminal Sexual Abuse), in that DASKAL engaged in sexual intercourse and oral sexual conduct with Jane Doe, who had not yet attained the age of 17 years, while he was more than 21 years old, using one or more facilities and means of interstate commerce.

The relevant statute for Count One is Title 18, United States Code, Section 2422(b), which provides, in pertinent part, that "[w]hoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so" is guilty of a federal crime.[8]

---

[8] 18 U.S.C. § 2422(a).

To prove Mr. Daskal guilty of Count One, the government must prove each of the following three elements beyond a reasonable doubt:

*First*, that in or between August 2017 and November 2017, Mr. Daskal used a means or facility of interstate commerce to knowingly persuade, induce, entice, coerce, an individual to engage in sexual activity with Jane Doe;[9]

*Second*, that if the sexual activity had occurred, Mr. Daskal could have been charged with a criminal offense under the laws of New York or Illinois, specifically violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree), 130.40(2) (Criminal Sexual Act in the Third Degree), or Illinois Criminal Code Section 5/12-16(d) (Aggravated Criminal Sexual Abuse); and

*Third*, that Mr. Daskal knew that Jane Doe was less than seventeen years old at the time of the acts alleged in Count To of the Indictment.[10]

---

[9] Mr. Daskal maintains his objections to referring to the complaining witness by only her first name or a pseudonym during trial. Nonetheless, the term "Jane Doe" is used throughout this filing to avoid redaction or sealing prior to the Court's ruling.

[10] Adapted from U.S. Court of Appeal for the Ninth Circuit, Manual of Model Criminal Jury Instructions (2010), § 8.192A, available at: https://www.ce9.uscourts.gov/jury-instructions/node/757.

The first element of Count Two which the government must prove beyond a reasonable doubt is that Mr. Daskal knowingly persuaded or induced or enticed or coerced Jane Doe to engage in sexual activity using a means or facility of interstate commerce.

The terms "persuaded," "induced," "enticed," and coerced have their ordinary everyday meanings.

The term "means or facility of interstate or foreign commerce" includes means of transportation and communication. This includes, for example, the use of a telephone where the telephone network is capable of placing calls between states or internationally, regardless of whether or not the actual telephone call crossed state lines.

The term "knowingly" means that you must be satisfied beyond a reasonable doubt that Mr. Daskal knew at that time what he was doing. An act is done "knowingly" if it is done intentionally and voluntarily; that is, Mr. Daskal's act must have been the product of his conscious decision rather than the product of mistake or accident or some other innocent reason.[11]

---

[11] Adapted from *United States v. Waqar*, 997 F.3d 481, 484-85 (2d Cir. 2021) (stating that the "statutory verbs" in § 2422(b) "persuade, induce, entice, [and] coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings") (citation omitted); *United States v. Stein*, No. 05-CR-888 (LAK) (S.D.N.Y. Dec. 11, 2008), Tr. at 5263 (jury charge); Sand, Instrs. 3A-1; 64-7.

## Request No. 11: Count One
## Sexual Activity For Which a Person Can Be Charged with a Crime

The second element that the government must prove beyond a reasonable doubt is that if the sexual activity had occurred, Mr. Daskal could have been charged with a criminal offense under the laws of New York or Illinois, specifically violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree), 130.40(2) (Criminal Sexual Act in the Third Degree), or Illinois Criminal Code Section 5/12-16(d) (Aggravated Criminal Sexual Abuse).

### *Violation of New York Criminal Law*

A person violates New York State Penal Law Section 130.25(2) (Rape in the Third Degree) if they are at least twenty-one years old and engage in sexual intercourse with another person who is less than seventeen years old.

"Sexual intercourse," as used in New York law means any penetration, however slight, of the penis into the vaginal opening. In other words, any penetration of the penis into the vaginal opening, regardless of the distance of penetration, constitutes an act of sexual intercourse.

A person violates New York State Penal Law Section 130.40(2) (Criminal Sexual Act in the Third Degree), if they are at least twenty-one years old and engage in oral sexual conduct or anal sexual conduct with another person who is less than seventeen years old.

"Oral sexual conduct," as used in New York law means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus or the mouth and the vulva or vagina.

"Anal sexual conduct," as used in New York law means conduct between persons consisting of contact between the penis and the anus.[12]

---

[12] Adapted from New York Model Jury Instructions, Penal Law §§ 130.25 (2), 130.40 (2), available at: https://www.nycourts.gov/judges/cji/2-PenalLaw/130/art130hp.shtml.

## Request No. 12: Count One
## Sexual Activity with A Person Who had Not Yet Attained the Age of 17 Years

The third element of Count One that the government must prove beyond a reasonable doubt is that Mr. Daskal knew that Jane Doe was less than seventeen years old and Mr. Daskal was more than twenty-one years old at the time of the acts charged in Count One of the Indictment. Although the text of the statute states that the individual must be less than eighteen, because the New York and Illinois criminal law provide that a person can consent to sexual activity if she is seventeen, this element requires that Mr. Daskal knew that Jane Doe was less than seventeen at the time of the offense.[13]

---

[13] Adapted from Sand, Instr. 64-19; *see* N.Y. Penal Law §§ 130.25(2), 130.40(2).

Count Two of the Indictment charges that Mr. Daskal committed Transportation of a Minor to Engage in Illegal Sexual Activity.  Specifically, paragraph two of the Indictment alleges that:

> In or about August 2017, within the Eastern District of New York and elsewhere, the defendant JACOB DASKAL did knowingly and intentionally transport Jane Doe, an individual who had not yet attained the age of 18 years, in interstate commerce, to wit: from South Fallsburg, New York through New Jersey to Brooklyn, New York, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sexual Act in the Third Degree), in that DASKAL transported Jane Doe, who had not yet attained the age of 17, from South Fallsburg, New York through New Jersey to Brooklyn, New York, while he was more than 21 years old, for the purpose of engaging in sexual intercourse and oral sexual conduct with Jane Doe.

The relevant statute for Count Two is Title 18 United States Code Section 2423(a), which provides that a person who "knowingly transports any individual under the age of 18 years in interstate or foreign commerce . . . with intent that such individual engage in . . . any sexual activity for which any person can be charged with a criminal offense" is guilty of a federal crime.

## Request No. 14: Count Two
## Transportation of a Minor to Engage in Illegal Sexual Activity – The Elements

In order to prove Mr. Daskal guilty of Count Two, the government must prove each of the following three elements beyond a reasonable doubt:

*First*, that Mr. Daskal knowingly transported Jane Doe in interstate commerce, namely from South Fallsburg, New York through New Jersey to Brooklyn, New York, as charged in the Indictment;

*Second*, that Mr. Daskal transported Jane Doe with the intent that she would engage in sexual activity for which Mr. Daskal can be charged with a criminal offense under New York law; and

*Third*, that Mr. Daskal knew that Jane Doe was less than seventeen years old at the time of the acts alleged in Count To of the Indictment.[14]

---

[14] Adapted from Sand Instr. 64-16; *United States v. Vickers*, No. 13-cr-128 (RJA) (W.D.N.Y.), *aff'd* 708 F. App'x 732 (2d Cir. 2017).

## Request No. 15: Count Two
## Knowingly Transporting a Minor in Interstate Commerce

The first element of Count Two that the government must prove beyond a reasonable doubt is that Mr. Daskal knowingly transported Jane Doe in interstate commerce, namely from South Fallsburg, New York through New Jersey to Brooklyn, New York, as charged in the Indictment.

To "transport an individual in interstate commerce" means to move or carry, or cause someone to be moved or carried from one state to another.

Mr. Daskal must have knowingly transported Jane Doe in interstate commerce. This means that the government must prove beyond a reasonable doubt that Mr. Daskal knew both that he was causing Jane Doe to be transported, and that Jane Doe was in fact being transported in interstate commerce. The crossing of a state or international border constitutes traveling in interstate or foreign commerce.

As I have explained, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some innocent reason.[15]

---

[15] Adapted from Sand Instr. 64-17; *Vickers*, No. 13-cr-128 (RJA) (W.D.N.Y.), *aff'd* 708 F. App'x 732 (2d Cir. 2017).

### Request No. 16: Count Two – Intent to Engage in Sexual Activity for Which
### Any Person Can be Charged With a Criminal Offense

The second element of Count Two that the government must prove beyond a reasonable doubt that Jacob Daskal transported Jane Doe with the intent that she engage in sexual activity for which any person can be charged with a criminal offense in violation of New York law.

In order to establish this element, it is not necessary for the government to prove that illegal sexual activity was Mr. Daskal's sole purpose for transporting Jane Doe across state lines. Instead, the government must prove beyond a reasonable doubt, that dominant purpose of Jane Doe's travel across state lines was that she would engage in sexual activity for which Mr. Daskal cab be charged with a criminal offense in New York.[16]

Like Count One, Count Two alleges sexual activity for which Mr. Daskal could be charged with a violation of New York Penal Law Sections 130.25(2), 130.40(2). I have already instructed you regarding that offense, and those instructions apply equally here.

---

[16] Adapted from Sand Inst. 64-4, 64-18; *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013) ("[T]he contemplated unlawful sexual activity need not be the defendant's sole purpose for transporting a minor in interstate or foreign commerce. Rather, it must only be a ***dominant purpose*** of he transportation.") (quotation marks omitted, emphasis added); *United States v. Miller*, 148 F.3d 207, 212 (2d Cir. 1998) ( finding no error in jury instructions that engaging in illegal sexual activity "need not have been [the defendant's] only purpose or motivation, but it must have been more than merely incidental; it must have been ***one of the dominant purposes*** of the trip.") (emphasis added).

**Request No. 17: Count Two**
**Sexual Activity with A Person Who had Not Yet Attained the Age of 17 Years**

The third element of Count Two that the government must prove beyond a reasonable doubt is that Mr. Daskal knew that Jane Doe was less than seventeen years old and Mr. Daskal was more than twenty-one years old at the time of the acts charged in Count Two of the Indictment. Although the text of the statute states that the individual must be less than eighteen, because the New York criminal law provides that a person can consent to sexual activity if she is seventeen, this element requires that Mr. Daskal knew that Jane Doe was less than seventeen at the time of the offense.[17]

---

[17] Adapted from Sand, Instr. 64-19; *see* N.Y. Penal Law §§ 130.25(2), 130.40(2).

## Request No. 18: Character Evidence

You have heard witnesses who have testified to Mr. Daskal's good character. You should consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence, including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit of all charges.

On the other hand, if after considering all the evidence, including that of the defendant's character you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.[18]

---

[18] Adapted from Sand, Instr. 5-21.

<u>**Request No. 19: Direct and Circumstantial Evidence**</u>

There are two types of evidence that you may use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something that the witness knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact. Whether the circumstantial evidence leads you inevitably to a particular inference is another matter. Let me give you two examples to illustrate circumstantial evidence.

First, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that there are blinds on the courtroom windows that are drawn and that you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Someone else then walks in with a raincoat that is also dripping wet. Now, you cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

Let me give you a second example. Let's say that one evening, you go into a subway station. It's a local stop and it's not rush hour. You arrive at the platform and you are surprised to find a large crowd of people waiting on the platform. You did not expect there to be many people, but there are lots of people waiting. Now, you might infer from this fact that there must not have been a train for quite some time. But is that a strong inference or a weak inference? Put another way, is that the only inference you might draw from the circumstantial evidence of a crowded subway platform?

It is certainly a weaker inference than the wet raincoat example, because if you think more about it, maybe there are other, equally plausible explanations. Maybe there was a train just a minute ago that went out of service and they said, everybody off the train. Or maybe you are waiting at the Times Square subway stop and the Broadway theatres just let out. There is more than one possible plausible explanation. So, in this example, you would not have a strong basis for drawing one particular inference.[19]

---

[19] Adapted from *United States v. Gerbacio-Linch*, No. 00-CR-1123 (DAB), Trial Tr. 1574-75 (S.D.N.Y. 2001).

## Request No. 20: Defense Theory of the Case

The defense respectfully requests that the jury be charged with the defense theory of the case, to be supplied following the close of trial, prior to the charging conference.[20]

---

[20] *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").

## Request No. 21: Defendant's Right Not to Testify
### (If Applicable)

Mr. Daskal did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he or she did not take the witness stand, and you may not consider this in any way in your deliberations in the jury room.[21]

---

[21] Adapted from *United States v. Amadou Djibo*, No. 15-CR-88 (SJ), ECF Doc. 163 (E.D.N.Y.) (jury charge); Sand, Instr. 5-21.

## **CONCLUSION**

Defendant Jacob Daskal respectfully requests the foregoing charges and further respectfully requests the opportunity to make specific objections or request modifications to the Court's proposed charge.

Dated: July 10, 2023  
     New York, New York

Respectfully submitted,

MEISTER SEELIG & FEIN PLLC

By: _____/S/_____  
Henry E. Mazurek  
Ilana Haramati  
125 Park Avenue, Suite 700  
New York, New York 10017

*Attorneys for Defendant Jacob Daskal*