**PAUL BATISTA, P.C.**
**Attorney-at-Law**
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com                                  Facsimile: (212) 344-7677

October 19, 2023

VIA ECF
Hon. Nicholas G. Garaufis
United States District Judge for the
 Eastern District of New York
U.S. Courthouse
Room 1426 S
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **United States v. Jacob Daskal,**
            **1:21-cr-0110 (NGG) –**
            **Request for Pre-Motion Conference**

Dear Judge Garaufis:

I represent Ms. Rivka Mandel, the victim of the criminal conduct of defendant Jacob Daskal ("Daskal"). Daskal was sentenced to 17.5 years of imprisonment by Your Honor on October 11, 2023.

### Request for Pre-Motion Conference

In accordance with the Court's Individual Rules §V(A), I write for the purpose of requesting a pre-motion conference with respect to Ms. Mandel's intention to move for an order directing the release to her and me of the Pre-Sentence Report prepared and filed by the Probation Department in connection with the sentencing of Daskal.

### Basis for Motion

As Your Honor knows, Daskal was convicted of the sexual abuse, including rape, of Ms. Mandel when she was 15 years old. On October 2, 2023, after Daskal entered a plea of guilty, Ms. Mandel initiated a civil action against Daskal seeking damages for the injuries he inflicted on her. Filed in this Court, the civil action, *Rivka Mandel* v. *Jacob Daskal*, 1:23-cv-07352 (NRM) (VMS), was assigned to Judge Morrison.

Although we recognize, as we must, that Pre-Sentence Reports are generally treated as confidential (and indeed the PSR relating to Daskal is under seal), we submit that the unique circumstances of this case warrant release of the Daskal PSR to Ms. Mandel and me. *See, e.g., United States* v. *Raul Gomez*, 323 F.3d 1305 (11th Cir. 2003) (affirming a District Court order releasing a PSR to litigants in another case and determining that the release was not an abuse of discretion). Ms. Mandel's civil action, which at this point names Daskal as the defendant and John Does 1-100 as relief defendants, seeks substantial financial damages in an amount to be determined at trial.

Among other things, the civil action alleges that Daskal transferred millions of dollars of his assets in sham transactions to other persons and entities in an effort to evade Daskal's financial responsibility to Ms. Mandel. The allegations relating to transfers of assets were made on information and belief.

Significantly, I am advised that at the sentencing Your Honor referred to the transfer by Daskal of $10 million to members of his family. Information regarding that transfer was apparently contained in the PSR. The disclosure of that transfer confirms, in part, the allegations of the civil complaint that Daskal transferred very substantial funds – well beyond the $10 million – to others.

Daskal was, of course, under an obligation to comply fully and truthfully with the Probation Department. As an attorney with 45 years of experience in federal criminal litigation, I am very familiar with PSRs, and it is likely that Daskal's PSR contains information (whether truthful or not) about his financial condition, including his assets, liabilities, ownership interests, location of bank accounts, and similar financial information relevant to Ms. Mandel's demand for damages.

Since Daskal has made admissions of liability under oath before the Court, Ms. Mandel and I do not need portions of the PSR that are not related to Daskal's finances. It is our intention in the civil action to move for summary judgment as to Daskal's liability based on his admissions in the criminal case. We are prepared to treat Daskal's PSR, or any portions of the PSR that may be released, as confidential.

## Conclusion

For the foregoing reasons, I respectfully request that the Court conduct a pre-motion conference with respect to Ms. Mandel's intention to move for release of Daskal's PSR.

Respectfully submitted,

Paul Batista

cc: All Counsel of Record