EMR
F.#2018R02232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  -against-         <u>PROTECTIVE ORDER ADDENDUM</u>

JACOB DASKAL,         21-CR-110 (NGG)

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

    IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

    1.   The provisions of the Protective Order (the "Protective Order") previously so-ordered by the Court on April 9, 2021, attached hereto as Exhibit B, remain in effect. <u>See</u> ECF No. 18. Pursuant to the Protective Order, all material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the defendant (the "Defendant"), and the Defendant's counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") are governed by the Protective Order.

    2.   Except as otherwise provided in the Protective Order, the Discovery Materials may be disclosed by Defense Counsel to the parties to the litigation in <u>Mandel v. Daskal</u>, 23-CV-7352 (RER) (VMS), including the plaintiff (the "Plaintiff"), plaintiff's counsel (Plaintiff's Counsel"), the Defendant, the Defendant's civil counsel ("Civil Defense Counsel," and together

1

with Plaintiff and Civil Defense Counsel, Counsel"), respective Civil Counsel's Staff (which is defined as the respective non-lawyer staff employed or contracted by Counsel, including but not limited to expert witnesses, investigators, and interpreters retained by Counsel) pursuant to the provisions of this Addendum to the Protective Order ("the Addendum"). The Discovery Materials, however designated, may be used by the Plaintiff, Plaintiff's Counsel, Plaintiff's Counsel's Staff, the Defendant, Civil Defense Counsel, and Civil Defense Counsel's Staff only for the purposes of litigating Mandel v. Daskal, 23-CV-7352 (RER) (VMS), and shall not be further disclosed or disseminated to any individuals, organizations, or other entities.

3.     As set forth in the Protective Order, certain Discovery Materials have been specifically identified by the government as Sensitive Discovery Material. Plaintiff's Counsel and Civil Defense Counsel shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Plaintiff's Counsel and Staff, and Civil Defense Counsel and Staff, except as provided below.

4.     Sensitive Discovery Material may be disclosed by Counsel to the Plaintiff and the Defendant as needed for purposes of litigating Mandel v. Daskal, 23-CV-7352 (RER) (VMS); however, Sensitive Discovery Material shall be kept in the sole possession of Plaintiff's Counsel and Civil Defense Counsel and shall not be reviewed or maintained by the Plaintiff or the Defendant outside the presence of their respective Counsel; and shall not be copied or otherwise recorded by the Plaintiff or the Defendant.

5.     If Plaintiff's Counsel and Civil Defense Counsel choose to share the Sensitive Discovery Material with a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of the respective Counsel for either party who seeks to share the information with a witness and/or a witness's counsel. Nothing in this Addendum

2

prevents Counsel from introducing or using any of the Discovery Materials identified herein during any civil deposition or as part of civil motion practice, provided, however, that prior to such disclosure, the witness shall be provided with a copy of this Protective Order and must execute a certificate in the form of **Exhibit A** agreeing to be bound by its terms and conditions.

6. Any party who intends to attach Discovery Materials to papers filed with the Court shall comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

7. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

8. Plaintiff's Counsel and Civil Defense Counsel will make best efforts to return to the Government or securely destroy or delete all Discovery Materials at the conclusion of the litigation in Mandel v. Daskal, 23-CV-7352 (RER) (VMS).

9. Nothing in this Protective Order in any way releases any of the undersigned parties from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

10. In the event the terms of this Protective Order are violated, Defense Counsel, Plaintiff's Counsel, Civil Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

ACTIVE\12078016.v1-6/22/26

11.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:          Brooklyn, New York
                July 31, 2026

                                                JOSEPH NOCELLA, JR.
                                                United States Attorney
                                                Eastern District of New York


_Henry Mazurek_                         By: _Erin Reid_
Henry E. Mazurek                             Erin M. Reid
Defense Counsel                              Assistant U.S. Attorney


Jessica S. Massimi
Remy Green
Plaintiff's Counsel


Mitchell Schuster
Stacey Ashby
Remy Stocks
Eli Esakoff
Civil Defense Counsel


SO ORDERED.


s/Nicholas G. Garaufis, USDJ
THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK
8/3/26

4

ACTIVE\12078016.v1-6/22/26